NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL P. VARRIALE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No.: 04-199 (JLL) |
| : | |
| BOROUGH OF MONTVALE, BOROUGH : | OPINION |
| OF MONTVALE POLICE DEPARTMENT,: | |
| BOROUGH OF PARK RIDGE, : | |
| BOROUGH OF PARK RIDGE POLICE : | |
| DEPARTMENT, RAYMOND DRESSLER, : | |
| WILLIAM DILL & RAY COUGHLIN, : | |
| : | |
| Defendants. : | |

**LINARES**, District Judge.

This matter comes before the Court on the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 of Defendants Borough of Montvale ("Montvale"), Borough of Montvale Police Department ("MPD"), Borough of Park Ridge ("Park Ridge") and Borough of Park Ridge Police Department ("PRPD") (collectively "Defendants"). This motion is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons herein, Defendants' motion for summary judgment is granted and Plaintiff's common law claim for malicious prosecution is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

The Court herein repeats the factual background set forth in the Court's Opinion dated June 29, 2006 since it forms the basis for the instant motion.

1

A.      **Factual Background**[1]

Carl V. Varriale ("Varriale" or "Plaintiff") has been a Montvale resident since 1983 and has sought Montvale police assistance on several occasions. Plaintiff is of Italian and Greek national origin. Defendant William Dill ("Dill") is a police officer with the MPD, Defendant Craig[2] Coughlin ("Coughlin") is a Sergeant for the PRPD, and Defendant Raymond Dressler ("Dressler") is the Montvale Construction Code Official. Three separate incidents give rise to Plaintiff's Complaint.

   1.     **The Cablevision Incident**

The first incident (the "Cablevision Incident") relevant to the pending motion for summary judgment involves Defendants Dill, Montvale, and the MPD. On April 30, 2002, an employee of Cablevision Systems Corporation ("Cablevision") arrived at Plaintiff's home to disconnect Plaintiff's cable service. Plaintiff and Defendants dispute certain facts surrounding the Cablevision Incident, although it is undisputed that Cablevision's ladder ended up on Plaintiff's fenced-in property. The MPD was called and dispatched, and Defendant Dill arrived on the scene. Dill asked Plaintiff whether he could come onto Plaintiff's property to retrieve the Cablevision ladder. Plaintiff denied this request because he wanted to first purchase a disposable camera to document alleged damage to his fence caused by the ladder's fall.

That same day, Plaintiff arrived at the MPD headquarters to speak with Cablevision representatives and members of the MPD. While in the police station, Plaintiff was served with

---

[1] The following facts are undisputed unless noted otherwise.

[2] The Court notes that Defendant Coughlin is improperly denominated in Plaintiff's Complaint as "Ray" Coughlin.

a summons charging Plaintiff with the disorderly persons offense of obstruction pursuant to N.J.S.A. 2C:29-1. Plaintiff admits that he was not arrested and no bail was set. (Varriale Dep. 87:6-24, Feb. 28, 2005). The matter was tried before the Honorable Roy F. McGeady, J.M.C., Municipal Court, Montvale, New Jersey ("Judge McGeady") in January, 2003. Judge McGeady convicted Plaintiff of the disorderly persons offense of obstruction. Judge McGeady imposed a $250 fine and $30 in court costs upon Plaintiff. Plaintiff appealed the conviction to the Superior Court, Law Division, Bergen County. On September 29, 2003, the Honorable Sebastian Gaeta, Jr., J.S.C., Superior Court, Law Division, Bergen County ("Judge Gaeta"), vacated the prior conviction and acquitted Plaintiff. Judge Gaeta determined that although Plaintiff's actions could have been within the statutory proscription of N.J.S.A. 2C:29-1, Plaintiff's Fourth Amendment rights absolved him of criminal liability. (September 29, 2003 Op. at 2-3). Since the police did not have a search warrant, Plaintiff was within his Fourth Amendment rights to deny them access to his property. (Id.).

  **2.** **The Construction Summonses**

The next incident began on June 19, 2003, when Defendant Dressler, the Montvale Construction Code Official, issued Summons No. 04430 to Plaintiff, charging Plaintiff with a violation of Montvale Ordinance § 104-9 (the "Grade Summons"). Ordinance § 104-9 addresses the act of raising the grade of a lot without a proper permit. On July 22, 2003, Dressler issued Plaintiff Summons No. 04881 (the "Permit Summons") (collectively the "Construction Summonses"), charging Plaintiff with a violation of N.J.A.C. 5:23-2.14(a). This statutory section addresses construction work conducted without a proper permit.

Despite the Complaint in this matter being filed on January 16, 2004, the Grade

Summons was not tried until April 22, 2004. The Honorable Dennis LaHiff, J.M.C., Municipal Court, Waldwick[3], New Jersey ("Judge LaHiff"), presided over the trial and convicted Plaintiff of violating Montvale Ordinance § 104-9. Judge LaHiff also presided over the Permit Summons trial and denied Plaintiff's motion to dismiss on June 29, 2004. On September 23, 2004, following trial, Judge LaHiff found Plaintiff guilty of violating N.J.A.C. 5:23-2.14. Plaintiff appealed both convictions to the Superior Court, Law Division, Bergen County. By Order dated April 28, 2005, the Honorable Joseph S. Conte, J.S.C., Superior Court, Law Division, Bergen County ("Judge Conte"), affirmed both convictions. Plaintiff did not take an appeal from Judge Conte's decision.

  **3.**  **The Pizzeria Incident**

Plaintiff alleges that on October 10, 2003, Plaintiff encountered a Montvale police detective[4] and Park Ridge Sergeant Coughlin in a local pizzeria (the "Pizzeria Incident"). (Compl. ¶ 5(e)). Plaintiff further alleges that the two verbally abused Plaintiff and that Coughlin threatened to harass Plaintiff if he were to travel in Park Ridge. (Compl. ¶ 5(e)). Defendant Coughlin denies that he verbally abused or threatened Plaintiff. Plaintiff alleges that following the Pizzeria Incident, "[f]or sometime thereafter, Plaintiff avoided driving in Park Ridge, which was quite a burden." (Varriale Aff. ¶ 14). Plaintiff admits that following the Pizzeria Incident, he did not speak with Coughlin again. (Varriale Dep. 125:3-5, Feb. 28, 2005). Plaintiff also admits that as of the date of his deposition taken on February 28, 2004, he has traveled to Park

---

[3]This matter was transferred to the town of Waldwick, New Jersey due to Plaintiff's pending federal lawsuit against Montvale.

[4]Such detective is not a named defendant in this action.

Ridge since the Pizzeria Incident.[5] (Varriale Dep. 126:1-9; 127:15-24, Feb. 28, 2005).

**B.     Procedural History**

Plaintiff filed the instant Complaint on January 16, 2004.  The Complaint set forth various federal and state law claims, including some pursuant to 42 U.S.C. § 1983 for alleged violations of Plaintiff's rights under the United States Constitution and New Jersey Constitution, violations of Plaintiff's rights pursuant to the New Jersey Law Against Discrimination (the "NJLAD"), N.J.S.A. 10:5-12(a), et seq., and common law claims for malicious abuse of process and malicious prosecution.  Defendants moved for summary judgment on September 1, 2005.  By Opinion and Order dated June 29, 2006 (the "June 29 Opinion and Order"), the Court granted summary judgment and dismissed all claims against Defendants Dressler, Dill and Coughlin.

With respect to Defendants MPD and Montvale, the Court granted summary judgment on, and dismissed, Plaintiff's claims under the NJLAD and for abuse of process, but denied summary judgment to these defendants as to Plaintiff's § 1983 claims for malicious prosecution and equal protection, and Plaintiff's common law claim for malicious prosecution.  Such denial of summary judgment was without prejudice.  With respect to Defendants Park Ridge and PRPD's motion for summary judgment, the Court granted summary judgment as to Plaintiff's NJLAD claim, but denied summary judgment as to Plaintiff's remaining claims.  Again, the Court's denial of summary judgment was without prejudice.[6]

---

[5] Plaintiff admits to visiting Park Ridge for gasoline and to speak with the Park Ridge Police Chief.

[6] The Court denied summary judgment on these claims without prejudice because the Court determined that although all Defendants had purportedly moved for summary judgment on Plaintiff's entire complaint, the legal analysis focused only on certain Defendants and certain claims.

The claims addressed herein by way of Defendants' present motion for summary judgment are as follows: 1) § 1983 claims for malicious prosecution and equal protection as alleged against Montvale and the MPD in conjunction with the Cablevision Incident and the Construction Summonses; 2) a common law claim for malicious prosecution as alleged against Montvale and the MPD; and 3) a § 1983 claim for violation of Plaintiff's substantive due process rights as alleged against Park Ridge and the PRPD in conjunction with the Pizzeria Incident.

Defendants filed the instant motion for summary judgment on July 21, 2006 seeking summary judgment on all remaining claims. The Clerk of the Court assigned a return date to the motion of September 11, 2006. Accordingly, opposition was due to the Court on or before August 28, 2006 and any reply thereto due on or before September 4, 2006. The Court received a letter from Plaintiff dated August 23, 2006 in which Plaintiff stated to the Court that he had encountered difficulty finding new representation. In this letter, Plaintiff requested that if the Court were to ultimately determine that no triable issue remained, that the Court dismiss the complaint without prejudice. [Docket Entry # 31]. Defendants oppose such request because Plaintiff's letter was an improper ex parte communication with the Court and his request is without legal basis. Plaintiff repeated this request by letter dated September 6, 2006. Again, Defendants stated their opposition to this request by letter dated September 11, 2006.

Plaintiff filed an opposition brief to the summary judgment motion on August 25, 2006, but failed to submit a counter-statement of material facts pursuant to the requirements of Local Civil Rule 56.1. Defendants filed their reply brief on August 31, 2006. It should be noted that as of January 3, 2006, when the Court granted Plaintiff's counsel's motion to withdraw, Plaintiff has proceeded pro se in this matter.

## DISCUSSION

A.   **Standard for Summary Judgment**

Fed. R. Civ. P. 56(c) provides for summary judgment when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). Alternately, summary judgment will be granted when the evidence on the record "is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). The non-moving party cannot rest on mere allegations and must instead present actual evidence that establishes a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 256-57; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995); Sound Ship Bldg. Corp. v. Bethlehem Steel Co., 533 F.2d 96, 99 (3d Cir. 1976), cert. denied, 429 U.S. 860 (1976). In considering a motion for summary judgment, all evidence submitted must be viewed in the light most favorable to the party opposing the motion. Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995). However, even if the facts are undisputed, "summary judgment may not be granted . . . if there is a disagreement over what inferences can be reasonably drawn from the facts." Ideal Dairy Farms, Inc. v. John Labatt, Ltd., 90 F.3d 737, 744 (3d Cir. 1996) (quoting Nathanson v. Med. Coll. of Pa., 926 F.2d 1368, 1380 (3d Cir. 1991).

The issue presently before the Court is to determine whether any genuine issues of

material fact exist and whether Defendants are entitled to judgment as a matter of law on all remaining claims.

B.     **Claims Remaining Against Park Ridge and the PRPD**

The only claim remaining against Park Ridge and the PRPD is Plaintiff's § 1983 claim for violation of Plaintiff's substantive due process rights in conjunction with the Pizzeria Incident.

Plaintiff's "Sixth Cause of Action" alleges that "[t]he actions of Ray Coughlin have violated Plaintiff's rights, under the Federal and New Jersey Constitutions, to equal protection of the law, due process of law, and freedom from unreasonable searches and seizures." (Compl. ¶ 17). This cause of action sought compensatory and punitive damages from Coughlin, Park Ridge and the PRPD pursuant to 42 U.S.C. § 1983. By way of the June 29 Opinion and Order, the Court granted summary judgment to Coughlin on this cause of action because Plaintiff failed to demonstrate a constitutional injury. (June 29 Op. at 20-21). However, the Court denied summary judgment without prejudice as to Park Ridge and the PRPD. These Defendants presently move for summary judgment on this claim.

Park Ridge and the PRPD move for summary judgment on this claim on the basis that Plaintiff has failed to establish a municipal policy, custom or practice which resulted in a violation of Plaintiff's constitutional rights. The PRPD also moves for summary judgment on the basis that a plaintiff may not pursue a § 1983 claim against a police department when the related municipality is also named as a defendant. Finally, Park Ridge and the PRPD move for summary judgment on the basis that neither of these Defendants' behavior shocks the conscience.

1.     **The PRPD**

The PRPD moves for summary judgment on the ground that an individual police department may not be sued pursuant to § 1983 when a plaintiff has also named the municipality itself.  Here, Plaintiff has named Park Ridge as well as the PRPD, thus the PRPD moves for summary judgment.

Claims brought pursuant to § 1983 may not be pursued against a police department when the municipality is named as a defendant.  Since "the police department is merely an administrative arm of the local municipality," it "is not a separate judicial entity" and may not be separately sued.  DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) (collecting cases); see also Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n. 4 (3d Cir. 1997).  Here, Park Ridge is named as a Defendant in conjunction with the Sixth Cause of Action and thus the PRPD may not be also be named as a Defendant.  Accordingly, Defendants' motion for summary judgment is granted as to the PRPD.  Plaintiffs' Sixth Cause of Action is dismissed with prejudice as raised against the PRPD.

2.     **Park Ridge**

The Court will first address Park Ridge's argument that Plaintiff has failed to establish a municipal policy, custom or practice which resulted in a violation of Plaintiff's substantive due process rights since this argument is dispositive of the present motion.

For a municipality to be held liable for damages under § 1983, a plaintiff must demonstrate that the municipality itself has a policy or custom that resulted in a violation of the plaintiff's constitutional rights.  Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690-91

(1978). It is well-settled that a municipality cannot be held liable under a theory of respondeat superior. Id. at 690-91. A custom can be established by showing a course of conduct that is "permanent and well settled." Id. at 691. A public entity "may be held liable for the violation of a constitutional right under 42 U.S.C. § 1983 only when the alleged unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy." Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997) (quoting Monell, 436 U.S. at 690-91). Once established, the plaintiff is required to show that the municipality's custom caused his injury. Berg v. Allegheny County, 219 F.3d 261, 276 (3d Cir. 2000) (citing Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404 (1997)).

Here, Plaintiff has failed to come forward with evidence of *any* policy or custom of the PRPD or Park Ridge, let alone a policy or custom which may have caused his purported constitutional injury. No evidence or allegation of any such policy or custom was contained in Plaintiff's opposition to Defendants' first motion for summary judgment, nor Plaintiff's present opposition, nor in the Final Pretrial Order. Plaintiff's opposition to the motion herein consists of only six pages, nor does not it put forth a Statement of Material Facts either in support of or in opposition as required by Local Civil Rule 56.1. At summary judgment, if the opponent to the motion fails to make a sufficient showing regarding an essential element of his or her case upon which he or she will bear the burden of proof at trial, all other facts are necessarily immaterial and summary judgment must be granted. Celotex, 477 U.S. at 321. It is clear to the Court that Plaintiff has failed to create a genuine issue of material fact as to whether Park Ridge maintained a policy or custom which caused his complained of constitutional injury. Accordingly,

Defendants' motion for summary judgment is granted as to Plaintiff's Sixth Cause of Action as alleged against Park Ridge. Such claim is dismissed with prejudice.[7]

## C.   Claims Remaining Against Montvale and the MPD

Several claims remain against Montvale and the MPD. These claims are best analyzed within each claim's relevant factual framework.

### 1.   Liability Arising Out of the Construction Summonses

The following federal claims remain against Montvale in conjunction with the Construction Summonses: 1) a § 1983 claim for malicious prosecution and 2) a § 1983 claim for violation of Plaintiff's equal protection rights.[8]

Plaintiff's "Fifth Cause of Action" alleges that "[t]he actions of Raymond Dressler have violated Plaintiff's rights, under the Federal and New Jersey Constitutions, to equal protection of the law, due process of law, and freedom from unreasonable searches and seizures." (Compl. ¶ 16). Plaintiff sought compensatory and punitive damages against Dressler individually and against Montvale on a failure to train theory pursuant to 42 U.S.C. § 1983. In the June 29 Opinion and Order, the Court construed this cause of action to allege a § 1983 claim for malicious prosecution in violation of Plaintiff's rights to due process and to be free from unreasonable searches and seizures and a § 1983 claim for violation of his equal protection rights. (June 29 Op. at 6-7). The Court granted summary judgment to Dressler on Plaintiff's §

---

[7]Since this analysis is dispositive of this claim, the Court need not reach Park Ridge's remaining arguments.

[8]Plaintiff also alleges a common law malicious prosecution claim against Montvale but the Court will address such claim infra.

1983 claim for malicious prosecution on the basis that Plaintiff had failed to establish that the criminal proceedings in question had ended in his favor. The Court granted summary judgment to Dressler on Plaintiff's § 1983 claim based upon violation of his equal protection rights due to Plaintiff's failure to establish any discrimination based upon his national origin and dismissed this claim with prejudice. The Court denied summary judgment without prejudice to Montvale on these two claims.

Defendant Montvale now moves for summary judgment on these claims. Plaintiff asserts a § 1983 claim against Montvale because the actions of " . . . Dressler are attributable to the Defendant Borough of Montvale." (Compl. ¶ 6). Plaintiff also states that Dressler's actions were "the result of inadequate training and or supervision provided" by Montvale. (Compl. ¶¶ 7-9).

It is well-settled that a municipality cannot be held liable for a § 1983 violation based solely on a theory of respondeat superior. Monell, 436 U.S. at 691. A public entity "may be held liable for the violation of a constitutional right under 42 U.S.C. § 1983 only when the alleged unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy." Reitz, 125 F.3d at 144 (quoting Monell, 436 U.S. at 690-91).

A failure to train and supervise claim "is employed by plaintiffs to hold municipalities liable for § 1983 violations of their employees." Lassoff v. State of New Jersey, 414 F.Supp. 2d 483, 492 (D.N.J. 2006). To sustain a claim for failure to train, that failure has to rise to the level of "'deliberate indifference' to the rights of persons" with whom the employees come into contact. Id. at 145 (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). "Establishing

municipal liability on a failure to train claim under § 1983 is difficult.  A plaintiff pressing a § 1983 claim must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Id. (citing Colburn v. Upper Darby Twp., 946 F.2d 1017, 1030 (3d Cir. 1991)).

Montvale moves for summary judgment on Plaintiff's § 1983 claims arising out of the Construction Summonses on the basis that Plaintiff has not established an official policy, custom or practice which resulted in a violation of Plaintiff's constitutional rights.  Further, Montvale seeks summary judgment because Plaintiff has failed to establish that Montvale is liable under a failure to train theory since Plaintiff has not identified any failure to provide specific training nor any other element required for such a claim.  Plaintiff's brief opposition does not provide arguments specific to these claims.  Rather, Plaintiff argues issues already decided by this Court in the June 29 Opinion and Order.

After review of the parties' arguments and the record, the Court notes that Plaintiff has failed to submit nor point to any evidence which sets forth information about any official policy of Montvale nor any training policies, procedures, or methods of supervision, to support denial of Montvale's motion for summary judgment.  The only fact witnesses listed in the Final Pretrial Order on behalf of Plaintiff are Plaintiff himself and his wife, Faith Varriale.  (Final Pretrial Order at 12).  Further, Plaintiff's opposition brief does not cite nor reference any policies, procedures or methods of supervision Montvale may have employed which could have resulted in an alleged constitutional violation.  The Court notes that "[a] plaintiff pressing a § 1983 claim must identify a failure to provide specific training that has a causal nexus with their injuries and

13

must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Reitz, 125 F.3d at 145 (citation omitted).

Here, Plaintiff sets forth *no* evidence, let alone specific evidence, which tends to meet this standard. Instead, the Court is left to guess what the allegedly deficient policies of Montvale are, how such policies are deficient and how the policies ultimately caused any deprivation of Plaintiff's constitutional rights. Further, Plaintiff has asserted no personal knowledge of such policies and offer no other witness able to testify to same. At summary judgment, if the opponent to the motion fails to make a sufficient showing regarding an essential element of his or her case upon which he or she will bear the burden of proof at trial, all other facts are necessarily immaterial and summary judgment must be granted. Celotex, 477 U.S. at 321. Accordingly, Montvale's motion for summary judgment as to Plaintiff's § 1983 claims arising out of the Construction Summonses is granted and such claims are dismissed with prejudice.

    **2.**    **Liability Arising Out of the Cablevision Incident**

In the June 29 Opinion and Order, the Court construed Plaintiff's Third Cause of Action to state a claim pursuant to 42 U.S.C. § 1983 against Dill, Montvale, and the MPD for malicious prosecution and for violation of Plaintiff's equal protection rights. (June 29 Op. at 13-14). At the time of the June 29 Opinion and Order, Defendants Dill, Montvale and the MPD moved for summary judgment on Plaintiff's § 1983 claims arising out of the Cablevision Incident. The Court granted summary judgment to Dill on the malicious prosecution claim on the basis that Plaintiff had not suffered any deprivation of liberty as required to establish a prima facie claim.

(Id. at 16). The Court also granted summary judgment to Dill on Plaintiff's equal protection claim because Plaintiff had failed to prove the existence of purposeful discrimination. (Id. at 17). However, the Court denied summary judgment without prejudice on these claims as to Montvale and the MPD based upon the Court's determination that neither of these Defendants had properly briefed the issues. (Id. at 19).

Montvale and the MPD now move for summary judgment on Plaintiff's § 1983 claims arising out of the Cablevision Incident. These Defendants argue that they are entitled to summary judgment since Plaintiff has failed to establish the existence of any official custom, practice or policy which deprived Plaintiff of his constitutional rights and because Plaintiff has failed to establish that any alleged constitutional deprivation was the result of Montvale or the MPD's failure to train its officers. Plaintiff alleges that the actions of Dill are attributable to Montvale and the MPD. (Compl. ¶ 6). Plaintiff also alleges that such actions were the result of inadequate training and/or supervision and that the MPD also sustains "a pattern and practice of harassing Plaintiff, which Plaintiff has brought to the attention of various officials, including the past and present Mayors and Chiefs of Police." (Compl. ¶ 10). Plaintiff argues that summary judgment must be denied because "there is a question of fact as to whether PO Dill's conduct was [r]elated to the deep seated animosity which senior police officers manifested towards Plaintiff over a period of years." (Pl. Br. Opp'n at 2).

As a preliminary matter, the Court grants summary judgment to the MPD on these claims and dismisses same with prejudice. As discussed supra, § 1983 claims may not be pursued against a police department when the municipality is named as a defendant. DeBellis, 166 F. Supp. 2d at 264 (collecting cases); see also Bonenberger, 132 F.3d at 25 n. 4. Since Montvale is

15

named as a Defendant with respect to these claims, the MPD is no longer a proper Defendant.

With respect to the liability of Montvale, Plaintiff's opposition fails to address Defendants' arguments pertaining to Monell liability and liability as based upon failure to train discussed supra. As with Plaintiff's § 1983 claims arising out of the Construction Summonses, Plaintiff again fails to identify any policy, procedure, or specific failure to train the officers as required. Accordingly, Defendants Montvale and the MPD's motion for summary judgment on Plaintiff's § 1983 claims arising out of the Cablevision Incident is granted. Such claims are dismissed with prejudice.

**D.     Remaining State Law Claims**

In the June 29 Opinion and Order, the Court construed Plaintiff's Complaint as stating a claim for common law malicious prosecution against Dill, Montvale and the MPD in conjunction with Plaintiff's prosecution pursuant to N.J.S.A. 2C:29-1. (Op. at 22). Such claim sought compensatory damages. In the June 29 Opinion and Order, the Court granted summary judgment to Dill. The Court based this determination on Plaintiff's failure to establish that Dill had acted without probable cause as required for a common law claim of malicious prosecution. However, the Court denied summary judgment without prejudice to Montvale and the MPD based upon a lack of arguments specific to the liability of these two entities.

Now, Defendants Montvale and the MPD move for summary judgment and provide arguments specific to their liability. Namely, Montvale and the MPD seek to have Plaintiff's state law claim for malicious prosecution dismissed because Plaintiff is unable to demonstrate that these Defendants acted without probable cause or with actual malice. These Defendants

16

argue that since the Court previously held that Dill had probable cause to issue Plaintiff the summons at issue, and Plaintiff has failed to come forward with additional evidence or facts tending to demonstrate that Montvale or the MPD otherwise acted without probable cause or with actual malice, such claim should be dismissed with prejudice.  Plaintiff opposes Defendants' motion on the basis that the issue of probable cause is one for the jury, and that the Court cannot rule as a matter of law on this claim. (Def. Br. Opp'n at 2).

The Court must first determine whether it will retain jurisdiction over this claim, after dismissing those claims over which the Court has original jurisdiction.  Section 1367(c)(2) of Title 28 provides, in pertinent part that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed  all claims over which it has original jurisdiction. . . ."  Thus, this Court has discretion to decline jurisdiction over supplemental claims the after Court has dismissed all claims over which it had original jurisdiction.  New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1508 (3d Cir. 1993); Growth Horizons, Inc. v. Del. County, Pa., 983 F.2d 1277, 1284 (3d Cir. 1996) ("In making its determination, the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants'") (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)); Freund v. Florio, 795 F. Supp. 702, 710 (D.N.J. 1992) ("[A]t this early stage in the litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties).

This Court has previously dismissed all remaining claims accruing under federal law. Accordingly, the Court will now exercise its discretion pursuant to 28 U.S.C. § 1367(c)(2) and will decline to exercise supplemental jurisdiction over Plaintiff's claim for malicious

prosecution.  Such claim is hereby dismissed.

## **CONCLUSION**

For the reasons set forth in this Opinion, Defendants' renewed motion for summary judgment is granted, Plaintiff's claim for common law malicious prosecution is dismissed for lack of subject matter jurisdiction, and Plaintiff's complaint is dismissed in its entirety.  An appropriate order will follow.


DATED: March 26, 2007                             /s/ Jose L. Linares
                                                              United States District Judge